UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Omer YUKSEL,<br><br>                                      Plaintiff,<br>v.<br><br>VENTYX BIOSCIENCES, INC., et al.,<br>                                 Defendants. | Case No.: 3:24-cv-0415-AGS-DDL<br><br>**ORDER GRANTING MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL (ECF 21)** |
|---|---|

"This is a federal securities class action" subject to the Private Securities Litigation Reform Act of 1995. (ECF 1, at 2); 15 U.S.C. § 78u-4(a)(1). The PSLRA requires the Court to appoint a "lead" plaintiff and counsel. 15 U.S.C. § 78u-4(a)(3)(B)(i), (v). Amir Ahmadi moves that he and his counsel do the honors. (ECF 21.)

## MOTION TO APPOINT LEAD PLAINTIFF

The court must "appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" is the movant that satisfies a "simple three-step process": publication, practical adequacy, and rebuttal survival. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**A.    Step One: Publication**

"The first step consists of publicizing the pendency of the action, the claims made, and the purported class period" "in a widely circulated national business-oriented publication or wire service." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. § 78u–4(a)(3)(A). The notice must also state that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). This requirement was satisfied when a notice containing all this information was published in *Accesswire* on March 1, 2024. (*See* ECF 21-4); *see also Tenneson v. Nikola Corp.*, No. CV-23-02131-PHX-DJH (DMF), 2024 WL 905244, at *3 (D. Ariz. Feb. 29, 2024) (finding

first step satisfied by publication in "*Accesswire*"), *report and recommendation adopted*, No. CV-23-02131-PHX-DJH (DMF), 2024 WL 1796119 (D. Ariz. Apr. 25, 2024).

## B. Step Two: Practical Adequacy

At step two, the district court must select the "presumptively most adequate plaintiff"—"the one who has the largest financial interest in the relief sought by the class and otherwise satisfies" the "typicality" and "adequacy" requirements of Federal Rule of Civil Procedure 23. *Cavanaugh*, 306 F.3d at 730.

### 1. *Largest Financial Interest*

District courts "typically consider[]" four factors "to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quotation marks omitted). Ahmadi "purchased 400 shares of Ventyx stock"; "retained 400 of his shares"; "expended $7,382 on his purchases of Ventyx stock"; and "suffered a loss of approximately $6,466 in connection with transactions in Ventyx securities." (ECF 21-1, at 12; ECF 21-3, at 2.) "To the best of his knowledge, Ahmadi has the largest financial interest of any Ventyx investor or investor group seeking to serve" as lead plaintiff. (ECF 21-1, at 11.) There are no other lead-plaintiff candidates to compare Ahmadi's losses to. Absent contrary evidence, the Court finds that Ahmadi is the plaintiff with the greatest financial interest in the litigation.

As for the Rule 23 requirements of typicality and adequacy, only a "prima facie showing" is necessary at this stage. *Cavanaugh*, 306 F.3d at 731. The "test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Knox*, 136 F. Supp. 3d at 1165. Ahmadi, along with "all members" of the proposed class, "purchased Ventyx securities" allegedly "artificially inflated by Defendants' misrepresentations or omissions" and were "damaged

2

upon the disclosure of those misrepresentations" or "omissions." (ECF 21-1, at 14.) Ahmadi's claims and the proposed class's claims are all "based on the same legal theory and arise from the same events and course of conduct." (*Id.*) Thus, the typicality requirement is satisfied.

The "adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Knox*, 136 F. Supp. 3d at 1165. Ahmadi's interests seemed to be aligned with those of the proposed class members considering his "significant loss" and "commitment to protect the interests of the class." (ECF 21-1, at 15; *see generally* ECF 21-5.) Since "[t]here is no evidence" that Ahmadi has "any conflicts with the class or would be otherwise unable to effectively represent the class," and his counsel is adequately qualified to represent him as detailed below, Ahmadi meets the adequacy requirement. *See Knox*, 136 F. Supp. 3d at 1165. Ahmadi is therefore designated as the presumptive lead plaintiff.

**C.    Step Three: Rebuttal Survival**

Finally, the "third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. This presumption may be rebutted "only upon proof by a member of the purported plaintiff class" that Ahmadi "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Because this motion is unopposed and Ahmadi's showing is unrebutted, the Court **GRANTS** his motion for appointment as lead plaintiff.

## MOTION TO APPOINT LEAD COUNSEL

"Once a lead plaintiff is selected, that plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Knox*, 136 F. Supp. at 1165 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(v)). When the lead plaintiff has made "a reasonable choice of counsel," the district court should "generally defer to that choice." *Cohen v. United States*

*Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009). Ahmadi has selected Pomerantz LLP. (ECF 21-1, at 16.) Given the firm's "extensive experience in similar litigation," the Court finds Pomerantz a reasonable choice of counsel. (*See id.* at 17; ECF 21-7 (providing multiple examples of Pomerantz's—and its attorneys'—experience in similar litigation); *see also Staublein v. Acadia Pharms., Inc.*, No. 18-CV-1647-AJB-BGS, 2019 WL 927756, at *4 (S.D. Cal. Feb. 26, 2019) ("The Court finds Pomerantz has the resources and experience to effectively manage the class litigation."). The Court **GRANTS** the motion to appoint Pomerantz LLP as lead counsel.

Dated:  December 10, 2024

Andrew G. Schopler
United States District Judge